UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

          Plaintiff,

    v.                                Case No. 00-cr-40065-JPG

COREY A. WILLIAMS,

          Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Corey A. Williams's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 100).   The Government has responded to the motion conceding that a reduction is warranted (Docs. 103 & 109).   The defendant has replied to the Government's response (Doc. 106).

In February 2001, a jury convicted Williams of one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of crack cocaine (Count 1), two counts of distribution and possession with intent to distribute less than 5 grams of crack cocaine (Counts 2 and 5), one count of possession with intent to distribute less than 5 grams of crack cocaine (Count 6), and possessing a firearm as a felon (Count 7).   The jury also made a special finding that more than 50 grams of crack cocaine were involved in the conspiracy.

The Court sentenced Williams for Count 1 under 21 U.S.C. § 841(b)(1)(A) and for Counts 2, 5, and 6 under 21 U.S.C. § 841(b)(1)(C).[1]   The Court used the enhanced penalties under those statutes

---

[1] Count 7 is not relevant to this motion because the Fair Sentencing Act had no impact on the part of the sentence attributable to that count, a statutory maximum sentence of 10 years.   *See* 18 U.S.C. § 924(a)(2).

based on prior convictions charged in an information under 21 U.S.C. § 851.   At sentencing, the Court found Williams's relevant conduct to be 1.19 kilograms of crack cocaine, which under U.S.S.G. § 2D1.1 (2000) yielded a base offense level of 36.   His offense level was increased by 2 points under U.S.S.G. § 2D1.1(b)(1) (2000) because he possessed a dangerous weapon, making his total offense level 38.   Considering the defendant's criminal history category of VI, this yielded a sentencing range of 360 months to life in prison.   However, 21 U.S.C. § 841(b)(1)(A) required a sentence of mandatory life for Count 1 in light of Williams's prior felony drug convictions set forth in the § 851 enhancement, so his effective range for Count 1 was life.   *See* U.S.S.G. § 5G1.1(b) (2000).   The Court imposed a sentence of life on Count 1 and 360 months on Counts 2, 5, and 6, all to run concurrently.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[2] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if

---

[2] Section 404 of the First Step Act provides in full:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense.   First Step Act, § 404(b).   In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges.   The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses.   *See* First Step Act, § 404(a).   Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act.   First Step Act, § 404(c).   In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act.   *See United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty).   Where another non-covered offense is part of an aggregate sentencing package dependent on a covered offense, the Court may reduce that component of the package as well.   *United States v. Hudson*, No. 19-2075, 2020 WL 4198333, *4 (7th Cir. July 22, 2020).

The parties agree that the defendant is eligible for a sentence reduction under the First Step Act. His conviction is the type of conviction covered by § 404 of the First Step Act.   He committed the federal offense before August 3, 2010, and the Fair Sentencing Act modified the statutory sentencing range set forth in 21 U.S.C. § 841(b)(1)(A)(iii) and (C) under which he was sentenced.   Because the Fair Sentencing Act modified the penalties for the statute under which the defendant was sentenced, his offense qualifies as a covered offense under the Fair Sentencing Act.   *See Shaw*, 957 F.3d at 739. Thus, the defendant is eligible for reduction under the First Step Act, subject to the Court's discretion.

In support of a sentence of time served, Williams notes that, based on the jury finding with respect to Count 1 that he conspired to distribute 50 grams of crack cocaine, he would not now be subject to a statutory sentence of mandatory life under 21 U.S.C. § 841(b)(1)(A) but to statutory sentence of ten years to life under 21 U.S.C. § 841(b)(1)(B).   Further, recalculating his guideline range following retroactive amendments to the sentencing guidelines, his new guideline sentencing range would be 262 to 327 months.   Apparently, he is 48 years old, he has already served 240 months in prison, and he has made remarkable progress toward rehabilitation and education in prison.

On the other hand, the Government urges the Court to use its discretion to reduce Williams's sentence to only 327 months, the high end of the new guideline range and within the new Count 1 statutory range, followed by at least 8 years of supervised release.

As a preliminary matter, the Court declines to conduct a plenary resentencing hearing as such a proceeding is not required by the First Step Act.   *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *United States v. Cooper*, 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding plenary resentencing hearing, noting that "nothing in § 404 plainly requires the district court to hold any sort of hearing at all").   Furthermore, to the extent the Court might have discretion to hold a hearing, it declines to do so as the arguments are already well-articulated in the record.

As recommended by the United States Court of Appeals for the Seventh Circuit in *Shaw*, 957 F.3d at 734, 741-42, the Court considers the defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to the defendant's request.   And although it is not bound to give any reduction based on current statutes, guidelines, or sentencing law, those factors are relevant to its consideration

4

of how to exercise its discretion.   *Hudson*, 2020 WL 4198333, at *5 (citing *Shaw*, 957 F.3d at 741-42).

Under the Fair Sentencing Act, the statutory range for Count 1, the driver of Williams's sentencing guideline range, would have been different.   The statutory range for conspiring to distribute 50 grams of crack cocaine, with the prior felony drug offenses listed in the § 851 information, would have been 10 years to life under 21 U.S.C. § 841(b)(1)(B), followed by a supervised release term of no less than 8 years.   And applying retroactive amendments to the sentencing guidelines, his total offense level would have been 34 and his sentencing range would have been 262 to 327 months for all counts.   This is an appropriate framework in which to consider a sentence reduction.   The Court further notes that Williams has not been awarded any good time credit because of his life sentence, so whatever reduction the Court gives, Williams's sentence is likely to be reduced further by retroactive application of as yet unawarded credit Williams has earned.

Although the Court's prior consideration of the § 3553(a) factors explained at sentencing remains valid, the Court is extremely impressed by Williams's rehabilitation.   Since 2012 he has maintained a clean disciplinary record.   He began participating in the BOP's Challenge Program in 2013 and became a mentor in the program in 2014.   Numerous letters from his counselor, an employment supervisor, and other BOP staff support his release.   They are extremely complimentary of his leadership, curiosity and willingness to learn, work ethic, and positive, professional attitude. The Government offers nothing negative to say about Williams since he has been in prison.

The Court has weighed the § 3553(a) factors as well as Williams's post-sentencing conduct, which demonstrates substantial progress toward rehabilitation and potential for becoming a productive member of society.   It concludes that a low-range sentence is all that is necessary to comply with the

5

purposes set forth in § 3553(a) and is now an appropriate sentence.   It therefore reduces his sentence of imprisonment to <u>time served</u> on Counts 1, 2, 5, and 6, all to run concurrently (the current lower independent sentence component attributable to Count 7 remains unchanged and, in fact, has already been served), followed by a term of supervised release of 8 years, all to run concurrently.   The conditions of supervised release would be:

### **<u>Mandatory Conditions</u>**

*The following conditions are authorized pursuant to 18 U.S.C. § 3583(d):*

The defendant shall not commit another federal, state or local crime.

> **Condition Explanation:**   *The defendant is to abide by all federal, state, or local laws, including traffic laws and local ordinances.   Violation of this condition is based solely on the defendant's conduct.   An actual charge or citation by a law enforcement agency is not necessary.*

The defendant shall not unlawfully possess a controlled substance.

> **Condition Explanation:**   *The defendant is not to possess any substance that is controlled by law without a valid prescription from a licensed physician.   This includes ingesting controlled substances that are legally prescribed to others.   In the 7th Circuit, use of a controlled substance constitutes "possession" of a controlled substance.*
>
> *Although some states have legalized medical marihuana and/or the recreational use of marihuana, the possession and distribution of marihuana remains a violation of federal statutes.   As such, in addition to violating a federal law, a defendant who uses marihuana, regardless if it prescribed or used in a state where it has been legalized, is in violation of this condition.*

The defendant shall refrain from any unlawful use of a controlled substance.   The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court, not to exceed 52 tests in one year.

> **Condition Explanation:**   *The defendant will be required to submit an initial drug test sometime during the first 15 days of supervision.   A minimum of two subsequent drug tests during the period of supervision are also required.   The maximum number of drug tests the defendant could be required to submit is 52 during a calendar year.   In nearly all instances, drug testing will consist of the defendant submitting an observed urine specimen in the presence of a probation officer.   Alternative means of drug testing, such as a sweat patch, can*

6

*be utilized if necessary.*

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

> **Condition Explanation:**   *For defendants that are convicted of qualifying offenses, a DNA sample must be collected.   If the probation office cannot verify a DNA sample was collected by another agency or the Federal Bureau of Prisons, the probation office will collect the sample. DNA collection consists of collecting a sample of saliva.*
>
> *Qualifying offenses include all federal felony offenses, any offense under Chapter 109A of Title 18, any federal offense that is a crime of violence (as that term is defined in 18 U.S.C. § 16), and any attempt or conspiracy to commit any of the previously listed offenses. Also qualifying are offenses under the Uniform Code of Military Justice for which a sentence of confinement for more than one year may be imposed; and any other offense under the Uniform Code of Military Justice that is comparable to a qualifying federal offense (as determined under section 3(d) of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a(d)).*

## Administrative Conditions

*The following conditions of supervision are administrative and applicable whenever supervision is imposed, regardless of the substantive conditions that may also be imposed. These conditions are basic requirements essential to <u>supervision</u>.*

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

> **Condition Explanation**: *The defendant must report, in person, to the probation office in the district to which the defendant is released within 72 hours.   If the defendant is unable to report in person, the defendant is expected to contact the probation office in the district to which the defendant is released by telephone within 72 hours to explain why the defendant cannot report in person and to make arrangements to meet with a probation officer.   A third party contacting the probation office for the defendant does not satisfy the reporting requirement.*

The defendant shall not knowingly possess a firearm, ammunition, or destructive device.   The defendant shall not knowingly possess a dangerous weapon unless approved by the Court.

> **Condition Explanation:** *The defendant shall not possess or have access to a firearm, ammunition, or destructive device (e.g. bomb, poison gas, explosive, etc.).   The defendant needs to be aware that constructive possession may be the same as actual possession of these items. The defendant does not have to physically possess a firearm, but if it can be shown that the defendant had knowledge of the firearm and the ability to have control over it, it could be considered that the defendant was in possession of the firearm. The defendant is not to possess a dangerous weapon (e.g. bow & arrow, antique firearm, black powder firearm, crossbow, etc.) without prior approval of the Court.   Some common household items (e.g. kitchen knife,*

7

*tool, etc.) could be considered a dangerous weapon depending on the intent of the defendant when possessing the item.*

The defendant shall not knowingly leave the federal judicial district without the permission of the Court or the probation officer.

> **Condition Explanation**:   *During the term of supervision, the defendant's travel is restricted to the federal judicial district where the defendant resides.   If initially approved by the probation office, defendants residing in the Southern District of Illinois are routinely approved to make one-day trips, which do not include staying overnight, of up to 50 miles outside the district's boundaries for employment, recreational, and other purposes.   All other travel must be approved in advance by the probation officer.   The probation officer does not have the authority to approve travel outside the continental United States.   Travel outside the continental United States can only be approved by the Court.   The federal judicial district for the Southern District of Illinois is comprised of the following counties: Alexander, Bond, Calhoun, Clark, Clay, Clinton, Crawford, Cumberland, Edwards, Effingham, Fayette, Franklin, Gallatin, Hamilton, Hardin, Jackson, Jasper, Jefferson, Jersey, Johnson, Lawrence, Madison, Marion, Massac, Monroe, Perry, Pope, Pulaski, Randolph, Richland, St. Clair, Saline, Union, Wabash, Washington, Wayne, White, and Williamson. 28 U.S.C. § 93.*

The defendant shall report to the probation officer in a reasonable manner and frequency directed by the Court or probation officer.

> **Condition Explanation**:   *Probation officers utilize various reporting requirements depending on the circumstances of the defendant which include, but are not limited to, submitting a monthly supervision report, reporting in person, and reporting by telephone.   The standard reporting requirements for defendants usually involve submitting a written monthly supervision report.   The report form requires the defendant to provide detailed information regarding the defendant's current living situation and compliance with the conditions of supervision.   This report must be filled out completely and received by the probation office by no later than the tenth day of each month, otherwise it is considered late.   Defendants may be required to submit verification of employment, schooling, law violations, and other documentation with their report forms.   If a defendant intentionally omits information from the monthly supervision report, or intentionally lists false material information on the report, it is not only considered a violation of the conditions of supervision, but the offender may be prosecuted for Making False Statements, pursuant to 18 U.S.C. § 1001.*

The defendant shall respond to all inquiries of the probation officer and follow all reasonable instructions of the probation officer.

> **Condition Explanation**:   *The defendant is required to respond to all questions posed to them by any U.S. Probation Officer.   If the defendant provides false information to the probation officer, the defendant may be prosecuted for False Statements, pursuant to 18 U.S.C. § 1001. The defendant is required to follow the instructions of the probation officer on all matters that*

8

*pertain to the conditions of supervision.*

The defendant shall notify the probation officer prior to an expected change, or within 72 hours after an unexpected change, in residence or employment.

> ***Condition Explanation***: *If the defendant plans to make a change in residence or place of employment, the defendant is required to notify the probation officer of the change in residence or employment prior to the change (ten days in advance if possible).   If the defendant's residence or employment status changes without advance notice, then the defendant is to notify the probation officer within 72 hours after any change.   As to employment, this condition only applies to obtaining employment, changing from full to part-time or part to full-time, or separating from employment (e.g. laid-off, leaving for a new job, quit job, etc.)*

> *For the purposes of supervision, the defendant's residence is considered to be the location where the defendant maintains their personal possessions, receives mail, and maintains living quarters.   If the defendant spends more than one night in a seven day period at a location other than the approved residence, the defendant must provide the probation officer with the address of the additional residence.*

The defendant shall not knowingly meet, communicate, or otherwise interact with a person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity.

> ***Condition Explanation***:   *The defendant is not to knowingly meet, communicate (e.g. in person, by telephone, by text message, etc.), or otherwise interact with a person (including family members) he or she knows to be engaged, or plans to be engaged, in any criminal activity.*

The defendant shall permit a probation officer to visit the defendant at a reasonable time at home or at any other reasonable location and shall permit confiscation of any contraband observed in plain view of the probation officer.

> ***Condition Explanation***:   *The defendant will allow a probation officer to visit the defendant at the defendant's residence or any other reasonable location in the community.   Visits with defendants are generally conducted between the hours of 6:00 a.m. and 10:00 p.m. and can occur on any day of the week.   Depending on the circumstance and/or conduct of the defendant, visits may occur outside of the previously stated hours.   For example, if the defendant works shift work, or if the probation officer feels the defendant is intentionally trying to avoid **a visit**, a visit may occur at other times. During the visit, if any item observed in plain view is illegal or prohibited by the conditions of supervision, the item can be seized and used as evidence in a Court proceeding.*

The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

> ***Condition Explanation***: *The defendant shall notify the probation officer of any official contact*

*with law enforcement within 72 hours.   Official contact includes, but is not limited to, the following:*

- *All traffic stops and/or arrests for law violations, including traffic or ordinance citations*
- *Any conversation between the defendant and a law enforcement officer acting in an official capacity, regardless if the defendant was involved or was a victim or witness*
- *Verbal or written warnings from law enforcement*
- *Contact with law enforcement initiated by the defendant (e.g. The defendant calls the police to report a crime)*

*This condition also requires that the defendant notify the probation officer of any agreement the defendant has entered into to act as an informer of special agent of a law enforcement agency.   Any agreement to work with law enforcement must be approved by the Court.*

*If the defendant is arrested and remains in custody beyond the 72-hour requirement, immediately upon release, the defendant is to notify the probation office of the law enforcement contact.*

## Special Conditions

*Pursuant to the factors in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3583(d), the following special conditions are recommended.   While the Court imposes special conditions, pursuant to 18 U.S.C. § 3603(10), the probation officer shall perform any other duty that the Court may designate.   The Court directs the probation officer to administer, monitor, and use all suitable methods consistent with the conditions specified by the Court and 18 U.S.C. § 3603 to aid persons on probation/supervised release.   Although the probation officer administers the special conditions, final authority over all conditions rests with the Court.*

**Condition Justification:**   The defendant had history with marihuana and cocaine use prior to his incarceration. He was sanctioned while in the Bureau of Prisons in 2003 for Possessing Drugs/Alcohol.   The defendant most recently completed a drug education program in the Bureau of Prisons in 2007. He has four prior convictions for drug offenses in addition to his conviction for the instant offense. Participation in a substance abuse treatment program will afford adequate deterrence from criminal conduct and assist in reducing the risk of recidivism.

The defendant shall participate in treatment for narcotic addiction, drug dependence, or alcohol dependence, which includes urinalysis and/or other drug detection measures, and which may require residence and/or participation in a residential treatment facility, or residential reentry center (halfway house).   The number of drug tests shall not exceed 52 tests in a one-year period. Any participation will require complete abstinence from all alcoholic beverages and any other substances for the purpose of intoxication.   The defendant shall pay for the costs associated with services rendered, based on a Court approved sliding fee scale and the defendant's ability to pay. The defendant's financial obligation shall never exceed the total cost

of services rendered.   The Court directs the probation officer to approve the treatment provider and, in consultation with a licensed practitioner, the frequency and duration of counseling sessions, and the duration of treatment, as well as monitor the defendant's participation, and assist in the collection of the defendant's copayment.

> *Condition Explanation:*  *The defendant will be required to report for all scheduled evaluations and counseling sessions and participate as required by the treatment provider.   Depending on the severity of the defendant's past and/or present substance abuse issues, the defendant may be required to receive treatment services in a residential facility or while residing in a halfway house.   In nearly all instances, drug testing will consist of the defendant submitting an observed urine specimen in the presence of a treatment provider employee.   While participating in treatment, from intake until discharged from treatment, the defendant will be required to refrain from any use of alcohol or other intoxicants (e.g. synthetic marihuana, bath salts, huffing paint, etc.).   Alternative means of drug testing, such as a sweat patch, can be utilized if necessary.*

**Condition Justification:** The defendant was diagnosed with Conduct Disorder-Undersocialized and Aggressive when he was a child and was admitted into at least two psychiatric hospitals. While hospitalized, it was noted that the defendant's behavior was aggressive, impulsive, hyperactive, and non-compliant. The defendant completed the Challenge Program, a cognitive-behavioral program, in 2014 while in the Bureau of Prisons. Participation in a mental health treatment program will afford adequate deterrence from criminal conduct, assist in reintegrating back into the community, and assist in reducing the risk of recidivism.

The defendant shall participate in mental health services, which may include a mental health assessment and/or psychiatric evaluation and shall comply with any treatment recommended by the treatment provider. This may require participation in a medication regimen prescribed by a licensed practitioner.   The defendant shall pay for the costs associated with services rendered, based on a Court approved sliding fee scale and the defendant's ability to pay.   The defendant's financial obligation shall never exceed the total cost of services rendered.   The Court directs the probation officer to approve the treatment provider and, in consultation with a licensed practitioner, the frequency and duration of counseling sessions, and duration of treatment, as well as monitor the defendant's participation, and assist in the collection of the defendant's copayment.

> *Condition Explanation:*  *The defendant will be required to report for all scheduled evaluations and counseling sessions and participate as required by the treatment provider.   Mental health treatment may include, but is not limited to, psychiatric services and treatment for anger management, domestic violence, and other forms of therapy based on the defendant's needs as identified by the Court.*

**Condition Justification:**   This condition is recommended based upon the defendant's extensive history of arrests and convictions for drug possession and distribution offenses. The

defendant also has history with illegal marihuana and cocaine use.

The defendant shall not knowingly visit or remain at places where controlled substances are illegally sold, used, distributed, or administered.

> ***Condition Explanation:*** *The defendant is not to knowingly go to or remain at places and/or residences where controlled substances are illegally sold, used, distributed, or administered. The defendant bears some responsibility of ensuring that the areas/residences they go to do not illegally sell, use distribute, or administer controlled substances.*

**Condition Justification:**   The defendant has been incarcerated for several years and had minimal employment history prior to his incarceration. This condition will assist the defendant in maintaining a crime-free lifestyle and may reduce the risk of recidivism. This condition may also protect the public from future crimes of the defendant.

The defendant shall participate in any program deemed appropriate to improve job readiness skills, which may include participation in a Workforce Development Program or vocational program.   The Court directs the probation officer to approve the program and monitor the defendant's participation.

> ***Condition Explanation:*** *The defendant shall attend a Workforce Development Program(s) or vocational program(s) in accordance with the program schedule and participate as directed by the program facilitator.*

**Condition Justification:**   The defendant has minimal employment history. He worked primarily in food service assignments while in the Bureau of Prisons; however, it appears he has received little to no formal job training outside of a correctional institution. This condition will assist the defendant in maintaining a crime-free lifestyle and may reduce the risk of recidivism. This condition may also protect the public from future crimes of the defendant.

The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

> ***Condition Explanation:*** *Working regularly is defined as maintaining full or part-time lawful employment throughout the term of supervision unless the probation officer or Court has excused the defendant.   If unemployed during the term of supervision, the defendant is to actively seek to obtain employment.   Employment may be excused if the defendant attends school or a training program on a full-time basis, disabled, retirement age, or for other acceptable reasons (e.g. homemaker, caregiver).   If the defendant is ordered to pay a fine or restitution, regardless if the defendant is going to school or is of retirement age, the defendant will be required to work in order to satisfy the financial obligation as soon as possible.   Defendants that owe a substantial financial obligation and are working part-time will be required to seek full-time*

*employment in order to expedite payment of the financial obligation.*

**Condition Justification:**   The instant offense involved the defendant of conspiring with others to distribute large quantities of cocaine base and possessing a firearm after having previously been convicted of a felony offense. He has four prior convictions for drug offenses in addition to convictions for Theft, Forgery, Armed Violence, Residential Burglary, Aggravated Fleeing Police, and Obstructing Justice. The defendant also has history with illegal drug use. This condition may provide deterrence, reduce the risk of recidivism, and protect the community from future crimes of the defendant.

The defendant's person, residence, real property, place of business, vehicle, and any other property under the defendant's control is subject to a search, conducted by any United States Probation Officer and other such law enforcement personnel as the probation officer may deem advisable and at the direction of the United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release, without a warrant.   Failure to submit to such a search may be grounds for revocation.   The defendant shall inform any other residents that the premises and other property under the defendant's control may be subject to a search pursuant to this condition.

> *Condition Explanation:   All searches are to be conducted by the U.S. Probation Office with the assistance of law enforcement if deemed necessary. This condition does not authorize a law enforcement agency, outside the presence of the U.S. Probation Office, to initiate and conduct a search without a warrant.   Searches are generally conducted between the hours of 6:00 a.m. and 10:00 p.m. and can occur any day of the week. Depending on the circumstance and/or conduct of the defendant, searches may occur outside of the previously stated hours.   For example, if the defendant works shift work and is unavailable during the stated hours, a search may occur at other times. Searches pursuant to this condition are based on reasonable suspicion meaning that that the probation officer must have facts that are specific, clear, and easy to explain and result in a rational conclusion that the defendant is in possession of contraband or evidence of a violation of the condition of supervision.   If the defendant refuses to allow the probation office to execute a search, or obstructs a search, the defendant is in violation of this condition which may result in the Court being petitioned to revoke the defendant's supervision.*

**Condition Justification:**   The defendant has been incarcerated since 2000, and may have a viable home plan upon release. Placement in a Residential Reentry Center may increase the likelihood of a successful transition into the community, as the defendant has served an extended term of incarceration.

The defendant shall reside in a Residential Reentry Center for up to 180 days and shall abide by all the rules and regulations of the facility. Subsistence payments are waived.   The Court directs the probation officer to consult with the Bureau of Prisons to coordinate the Residential Reentry Center placement and monitor the defendant's compliance with the rules and regulations of the facility.

13

***Condition Explanation:*** *The defendant shall reside in a Bureau of Prisons Residential Reentry Center for the time period ordered by the Court. Any increase or decrease in the time spent in the Residential Reentry Center must be approved by the Court. The term in a Residential Reentry Center shall not to exceed 180 days.*

Williams has reviewed the foregoing term and conditions of supervised release with his counsel, who has informed the Court he has no objections.

Accordingly, the Court **GRANTS** the defendant's motion for a reduction based on the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 101). The Court will enter a separate order of reduction in the Court's standard format. In light of this ruling, the Court **DENIES as moot** the defendant's *pro se* motion for a reduction (Doc. 94).

**IT IS SO ORDERED.**
**DATED:   August 13, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

14